## AKIN *v.* LUCE.

*(Supreme Court, General Term, First Department. March 31, 1892.)*

CONTRACTS—PERFORMANCE.

 The fact that one party to a joint adventure, who has performed services in procuring contracts forming the subject-matter of such adventure, and made certain expenditures, fails to contribute his agreed share of capital, does not preclude him from sharing in the profits, where the other party has accepted such services, and has not availed himself of his right to terminate the relation.

Appeal from special term, New York county.

Action by Albro Akin against Alfred J. Luce for an injunction. Plaintiff appeals from an interlocutory judgment directing an accounting. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Platt & Bowers, (John M. Bowers, of counsel,)* for appellant. *Morrison & Kennedy, (L. J. Morrison, of counsel,)* for respondent.

PER CURIAM. The principal ground of the appeal in this case seems to be based upon the claim that there was no evidence to sustain the direction for judgment in the interlocutory decree, the latter being in contradiction to the findings. Upon an examination of the record, we can see no support for this claim. The court has found the contract between the parties, has found what was done under this contract, and his conclusions of law have fixed the rights of the parties in accordance with these findings. The claim of the plaintiff seems to be that because the defendant has in his judgment failed to make the contributions to the joint adventure, which in law he was bound to do, therefore the plaintiff has a right to all the proceeds of the adventure. We are not aware of any rule of law which imposed such a penalty upon a party failing to comply with all the requirements of an agreement involving a joint adventure. In the case of a copartnership, the mere failure to contribute the capital agreed to be paid in by one of the parties does not deprive him of the right to participate in the profits of the business, if it is carried on even by the capital of his copartner. The failure to contribute

such capital undoubtedly gives a right to the copartner to terminate the co-partnership. But he may not carry on the business, and avail himself of the services of the partner failing to contribute, and then claim all the profits arising because of such failure to contribute. In the case at bar the facts disclose a joint adventure between the parties to this action. The defendant contributed certain services, and made certain expenditures, and the plaintiff contributed the capital by which the adventure was to be carried on to a successful termination. It is true that the defendant refused to contribute any part of the capital required to carry on the enterprise, basing his claim upon a denial of any obligation so to contribute. But this refusal in no way prevented him from participating in the profits which might arise from the successful termination of the joint adventure. The only right which such refusal, if unjustifiable, conferred upon the other party, was to refuse to go on with the adventure, and to terminate the relations under the agreement between them; but, the plaintiff having availed himself of the services of the defendant in the procuring of the contracts which formed the subject-matter of the joint adventure, he cannot now, because of his failure to contribute his proportion of the capital required, deprive the defendant of all the profits realized upon the joint adventure. We think, therefore, that the judgment was right, and should be affirmed, with costs.